```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


LARRY D. REID and LARRY REID    )
LIVE, LLC,                      )
                                )
          Plaintiffs,           )
                                )
     v.                         )        1:23-cv-705
                                )
LAVONTRAYE ANDREWS,             )
                                )
          Defendant.            )
```

## ORDER

Before this court is Plaintiffs' Motion for Default Judgment. (Doc. 11.) For the reasons stated herein, the motion will be granted.

Plaintiffs filed a Complaint against Defendant on August 18, 2023, asserting three claims for relief. (Doc. 1.) Plaintiffs served the summons and Complaint upon Defendant on August 25, 2023. (See Doc. 6.) Defendant did not answer. Plaintiffs moved for entry of default on September 19, 2023, (Doc. 7), and this court entered default on September 25, 2023, (Doc. 10). Plaintiffs then moved for default judgment on their first Claim for Relief, Defamation and Slander Per Se, (see Doc. 11), and submitted a memorandum in support of their motion, (Doc. 12). Plaintiffs seek an award of nominal damages for their

claim of defamation and slander. (See Doc. 11 at 1-2; Doc. 12 at 12.)

**Analysis**

  **A. Jurisdiction**

Before a court "may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987). "The party moving for default judgment must still show that the defaulted party was properly served." Joe Hand Promotions, Inc. v. GFL United LLC, 645 F. Supp. 3d 530, 534 (M.D.N.C. 2022).

Here, Plaintiffs filed an Affidavit of Service, (Doc. 6), which attests that Defendant was properly served in person in Cornelius, North Carolina. This court finds that the procedural requirement of service of summons was satisfied.

  **B. Default Judgment**

Generally, if a defendant fails to plead or otherwise defend an action, this court has the discretion to enter default judgment as to that defendant. See Fed. R. Civ. P. 55; United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). "Although the clear policy of the Rules is to encourage dispositions of claims on their merits, trial judges are vested with discretion, which must be liberally exercised, in entering such judgments

and in providing relief therefrom." Moradi, 673 F.2d at 727 (citations omitted).

"Upon the entry of default, the defaulted party is deemed to have admitted all well-pleaded allegations of fact contained in the complaint." J & J Sports Prods., Inc. v. Romenski, 845 F. Supp. 2d 703, 705 (W.D.N.C. 2012) (citing Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001)). "However, the defendant is not deemed to have admitted conclusions of law . . . ." Id. "The court must, therefore, determine whether the well-pleaded allegations in [the] complaint support the relief sought in [the] action." Ryan, 253 F.3d at 780. Here, Plaintiffs move for default judgment on one of their claims for relief, Defamation and Slander Per Se, and seek nominal damages in the amount of $1,000. (See Doc. 11.)

To prove defamation under North Carolina law, a plaintiff must show that (1) "the defendant made false, defamatory statements of or concerning the plaintiff," (2) "which were published to a third person," (3) "causing injury to the plaintiff's reputation." Taube v. Hooper, 270 N.C. App. 604, 608, 840 S.E.2d 313, 317 (2020) (quoting Tyson v. L'Eggs Prods., Inc., 84 N.C. App. 1, 10-11, 351 S.E.2d 834, 840 (1987)). When the defendant's false statements accuse the plaintiff of committing a crime or offense involving moral turpitude, these

statements are actionable as defamation per se. Id.; see also Kroh v. Kroh, 152 N.C. App. 347, 355, 567 S.E.2d 760, 765 (2002). To constitute defamation per se, "the allegedly defamatory statement alone must be construed, stripped of all insinuations, innuendo, colloquium and explanatory circumstances." Taube, 270 N.C. App. at 609 (internal quotation marks and citation omitted). In other words, "[t]he statement must be defamatory on its face." Id.

Here, Plaintiffs allege in their Complaint that on multiple occasions[1] Defendant (1) made false and defamatory statements in which he accused Plaintiff Reid of perpetuating various forms of sexual assault, abuse, and misconduct against Defendant. (See Doc. 1 ¶¶ 103, 121–123, 125.) Additionally, Plaintiffs allege that Defendant (2) published his statements to a public audience via social media sites such as YouTube, Facebook, and Patreon, (see id. ¶¶ 121–122, 125, 142), and (3) that the statements have caused injury to Plaintiffs' "reputation and character" and "have interfered with his current and prospective business relationships," (Doc. 1 ¶ 140). Because this court entered

---

[1] Plaintiffs allege that Defendant made defamatory statements on several occasions, including October 8, 2022, on Lamor Whitehead's Facebook and YouTube platforms, (see Doc. 1 ¶¶ 102–103); January 12, 2023, on Tasha K's Patreon and YouTube platforms, (see id. ¶¶ 121–123); and January 30, 2023, on the "All About the Trees" YouTube channel, (see id. ¶ 125).

- 4 -

Case 1:23-cv-00705-WO-JEP   Document 13   Filed 09/27/24   Page 4 of 7

default on September 25, 2023, Defendant is deemed to have admitted each of these well-pleaded allegations of fact.

After consideration of these facts, this court finds that Plaintiff has satisfied the three elements for a claim of defamation under North Carolina law. Further, because Defendant's statements plainly accuse Plaintiff Reid of offenses of moral turpitude, the statements qualify as defamation per se. In an action for defamation per se, "damages are deemed presumed by proof of publication, with no further evidence required as to any resulting injury." Boyce & Isley, PLLC v. Cooper, 153 N.C. App. 25, 30, 568 S.E.2d 893, 898 (2002).

While the presence of damages is "deemed presumed," the specific amount that Plaintiffs may recover is not. Plaintiffs request "nominal" damages in the amount of $1,000. (Doc. 11 at 1–2.) The Supreme Court of North Carolina has opined that "nominal" damages "are really no pecuniary compensation, but . . . merely ascertan or fix [a plaintiff's] right or cause of action." Eller v. Carolina & W. Ry. Co., 140 N.C. 140, 52 S.E. 305, 306 (1905); see also Comm. to Elect Dan Forest v. Emps. Pol. Action Comm., 376 N.C. 558, 606, 853 S.E.2d 698, 732 (2021) (quoting Eller). The North Carolina Court of Appeals has approved, in dicta, of the notion that "nominal damages . . . imply the smallest appreciable quantity . . . , with one dollar

- 5 -

Case 1:23-cv-00705-WO-JEP   Document 13   Filed 09/27/24   Page 5 of 7

being the amount frequently awarded." D.G. II, LLC v. Nix, 213 N.C. App. 220, 233, 713 S.E.2d 140, 150 (2011) (quoting Kraisinger v. Liggett, 3 Kan. App. 2d 235, 238, 592 P.2d 477, 480 (1979)).

In light of the state courts' view of nominal damages, and absent persuasive authority to suggest otherwise, this court disagrees with Plaintiffs that an award of $1,000.00 is appropriate as nominal damages. That amount approaches a compensatory award. This court therefore awards an amount which confirms Plaintiffs' claim and corresponding rights, in the amount of $10.00.

In conclusion, the facts alleged in the Complaint, which are deemed admitted by Defendant, show that Defendant Lavontraye Andrews made false and defamatory statements that were injurious to Plaintiffs. Those false and defamatory statements were published to third parties, through Lamor Whitehead's YouTube and Facebook platforms, Tasha K's Patreon and YouTube channel, and the "All About the Trees" YouTube channel. This court therefore holds that Defendant is liable to Plaintiff for defamation and slander.

**IT IS THEREFORE ORDERED** Plaintiffs' Motion for Default Judgment, (Doc. 11), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs have and recover the sum of ten dollars ($10.00) plus interest at the legal rate until paid.

This the 27th day of September, 2024.

                                                _William L. Osteen, Jr._
                                                United States District Judge